

**ORDERED in the Southern District of Florida on May 27, 2025.**

**Scott M. Grossman, Judge
United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

DIVYA KHULLAR,                                    Case No. 24-13663-SMG

      Debtor.                                   Chapter 7

_____/

CINDY A. GOLDSTEIN and
CINDY A. GOLDSTEIN, P.A.,

      Plaintiffs,

v.                                                Adv. No. 24-01337-SMG

DIVYA KHULLAR,

      Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING
## IN PART MOTION FOR SUMMARY JUDGMENT

This adversary proceeding arises from a long-standing dispute between

Plaintiffs Cindy A. Goldstein and Cindy A. Goldstein, P.A. and Defendant Divya

Khullar over attorneys' fees and a pattern of alleged litigation misconduct by Mr. Khullar, as detailed in multiple rulings by a Florida state court. Ultimately, Mr. Khullar filed for bankruptcy on April 17, 2024, and the plaintiffs filed a complaint[1] under 11 U.S.C. § 523(a) to determine the dischargeability of debts arising from the state court litigation. After Mr. Khullar answered[2] the amended complaint,[3] the plaintiffs moved for summary judgment.[4] Upon consideration of the record and the briefs[5] filed by both parties and for the reasons that follow, the Court will deny the plaintiffs' motion for summary judgment under 11 U.S.C. § 523(a)(2)(A) and (a)(4), but will grant the plaintiffs' motion for summary judgment under 11 U.S.C. § 523(a)(6).

## I.    FACTUAL BACKGROUND.

Mr. Khullar is an attorney who was licensed in Florida,[6] and who practiced law through his entities Khullar, P.A. and Khullar Law, PLLC. Ms. Goldstein is an attorney who, through her law firm, Cindy A. Goldstein, P.A., also practices law in Florida. As alleged in the amended complaint, in 2018 Cindy A. Goldstein, P.A. acquired the law practice of Brian Adler, Esq., who was retiring, and sent notices of that acquisition to Adler's clients, including Marie Fedline Pierre. Ms. Pierre did not respond to the notice, so the plaintiffs took over the representation, ultimately

---

[1] ECF No. 1.
[2] ECF No. 56.
[3] ECF No. 52.
[4] ECF No. 57.
[5] *See* Def.'s Resp. (ECF No. 70); Pl.'s Reply (ECF No. 72).
[6] On May 8, 2025, the Supreme Court of Florida entered an order suspending Mr. Khullar from the practice of law for two years, effective 30 days from the date of the order's entry. *The Florida Bar v. Khullar*, Case No. SC2023-0582 (Fla. May 8, 2025).

securing a $10,000.00 insurance policy-limit settlement and earning $3,333.33 in fees.[7]

When the plaintiffs informed Ms. Pierre of the settlement, Ms. Pierre revealed she had retained Mr. Khullar and his firm, Khullar, P.A., to handle her case.[8] After the plaintiffs notified the settling insurer of their asserted quantum-meruit charging lien, the insurer issued the settlement check jointly to Khullar, P.A. and Goldstein P.A., and sent it to Mr. Khullar's office.[9] Without obtaining Goldstein P.A.'s endorsement, Mr. Khullar negotiated the check for his own firm, retaining all fees.[10]

A parallel dispute arose in a separate personal-injury matter involving another client – Tchonguy Charles – in which Cindy A. Goldstein, P.A. agreed to and did preserve Mr. Khullar's asserted charging lien. The plaintiffs sought set off with respect to this charging lien claim based upon the fees they were owed from the Pierre matter.[11] After repeated demands went unanswered, the plaintiffs then sued Khullar, P.A., Khullar Law, PLLC, and Mr. Khullar himself in Florida state court.[12]

After significant litigation in state court, on February 22, 2023, the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida issued an order granting the plaintiffs' motion to strike the defendants' pleadings and for entry of final judgment.[13] This judgment, however, was not entered on the merits of the claims pending before the state court. Rather, the state court's judgment was as

---

[7] Am. Compl. ¶¶ 11-12.
[8] *Id*. at ¶ 13.
[9] *Id*. at ¶¶ 14-15.
[10] *Id*. at ¶ 16.
[11] *Id*. at ¶ 17.
[12] *Id*. at ¶ 18.
[13] *See Am. Compl.*, Ex. A (Feb. 22, 2023 Order).

a sanction for litigation misconduct under Florida Rule of Civil Procedure 1.380(b)[14] and the court's inherent power. To render its decision, the state court had to apply the six factors set forth by the Florida Supreme Court in *Kozel v. Ostendorf*[15] to determine whether dismissal with prejudice was warranted as a sanction for litigation misconduct. Those factors are:[16]

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;
>
> 2) whether the attorney has been previously sanctioned;
>
> 3) whether the client was personally involved in the act of disobedience;
>
> 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;
>
> 5) whether the attorney offered reasonable justification for noncompliance; and
>
> 6) whether the delay created significant problems of judicial administration.

Considering the evidence, the state court found that all six factors were met, which warranted striking the defendants' affirmative defenses and counterclaims with prejudice. In so doing, the state court judge made extensive factual findings, including the following:

> As outlined in extensive detail in Plaintiffs' motion and exhibits, since the inception of litigation . . . to the current, **the Defendants have engaged in a myriad of instances of litigation misconduct including but not limited to violation of court orders, Florida statutes, rules of civil procedure, local rules, administrative**

---

[14] Fla. R. Civ. P. 1.380 (Failure to Make Discovery; Sanctions).

[15] 629 So. 2d 817, 818 (Fla. 1993); *see also Chappelle v. S. Fla. Guardianship Program, Inc.*, 169 So. 3d 291, 294 (Fla. 4th DCA 2015) ("Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in *Kozel* . . . and set forth explicit findings of fact in the order that imposes the sanction of dismissal." (quoting *Bennett ex rel. Bennett v. Tenet St. Mary's, Inc.*, 67 So.3d 422, 426 (Fla. 4th DCA 2011))).

[16] 629 So. 2d at 818.

4

**orders, and made material misrepresentations to the Court, and extortion of the Plaintiff and Plaintiffs' counsel. The totality of the circumstances of Defendants' misconduct is so egregious, that Plaintiffs should be awarded monetary sanctions in addition to judgment on the pleadings as a matter of law.**[17]

. . .

**This Court finds that Mr. Khullar's disobedience and misconduct outlined in Plaintiffs' motion was willful, deliberate, or contumacious, rather than an act of neglect or inexperience.** Mr. Khullar is a Member of the Florida Bar for approximately 10 years. Judge Hurley previously issued an Order granting sanctions against Mr. Khullar pursuant to [Florida Statute] 57.105 (1) and (2), which was recently affirmed, *per curiam*, by the Fourth District Court of Appeals on December 15, 2022. *See Goldstein v. Khullar, et. al.*, No. 4D21-3253, slip op. (Fla. 4th DCA Dec. 15, 2022). **Judge Hurley made very specific findings of a "cat and mouse" game that Mr. Khullar intentionally played for approximately [seven] months.** This order further outlined various wrongful actions warranting this sanction under both subsections of [Florida Statute] 57.105, including but not limited to: filing numerous Motions to Quash Service of Process resulting in lengthy special set and evidentiary hearings, filing a Motion to Vacate Court Order Denying Defendant's Motion to Quash, refusing to accept service by mail, refusing service in person as the registered agent, and misrepresenting to the Court that he did not instruct his paralegal, Henry Vasquez, to accept service on his behalf.[18]

Moreover, in violation of the court order outlined in Exhibit B of Plaintiffs' motion, for failing to deliver a copy of Ms. Fedline Pierre's cashed settlement check to chambers, Judge Hurley not only instructed him to deliver a copy of this check to his chambers by a date and time certain, but he also reminded Mr. Khullar of his non-compliance with this outstanding Order at a subsequent case management conference. Still, Mr. Khullar refuses to comply with this Order. As to the discovery violations and sanctions awarded pursuant to Florida Rule of Civil Procedure 1.380, after a lengthy two-hour hearing, Judge Hurley specifically found that Mr. Khullar did not illustrate any good cause for failure to properly respond to discovery, and failed to provide a single document to the Plaintiff. Mr. Khullar responded by advising the Court that he was waiting for a previously requested written response from The Florida Bar as to whether he may release Ms. Pierre's medical records and bills during discovery. Once Plaintiff served a Second Request to Produce requesting this communication from Mr. Khullar to

---

[17] Feb. 22, 2023 Order at 3-4 (emphasis added).
[18] *Id*. at 5-6 (emphasis added).

the Florida Bar[,] . . . Mr. Khullar refused to produce this communication. Mr. Khullar objected to the discovery as privileged and irrelevant, although The Florida Bar already forwarded one inquiry from Mr. Khullar to the undersigned, copying Mr. Khullar, showing that Mr. Khullar made this inquiry after he lost the hearing and not before.[19]

Defendants have not produced one single document to Plaintiffs without good cause, despite being served with four . . . Requests for Production, over the course of almost two years of zealous litigation. Defendants have failed to verify any of their answers to interrogatories, nor give complete answers to discovery. Plaintiffs[] have also repeatedly sought the depositions of Mr. Khullar and Peter Capua of Defendants' office since October with no response from Defendants. **Mr. Khullar's repeated violations of Local Rules and administrative orders, despite verbal and written warnings by this Court, as well as the numerous material misrepresentations made by Mr. Khullar, are construed as willful.**[20]

**Mr. Khullar's extortion of the Plaintiffs and Plaintiffs' counsel as outlined in Plaintiff's Motion, is an intentional act designed to intimidate and coerce to obtain an advantage and is the epitome of "bad faith litigation." . . . Attempting to extort opposing counsel to gain a financial advantage in a civil dispute is so egregious, that it is grounds alone for judgment on the pleadings.**[21]

. . .

Mr. Khullar represents himself *pro se*, as well as his own law firm corporations. **Mr. Khullar, a Member of the Florida Bar, with full knowledge of the duty of candor toward the tribunal, and consequences of violating Court Orders, local rules, and discovery requirements, was personally involved in the act of disobedience to warrant the harshest of sanctions.**[22]

As a result, the state court struck the defendants' pleadings and – through what amounted to a default – awarded the plaintiffs $4,333.33 in compensatory damages for fees earned in the Pierre and Charles matters.[23] The state court also determined

---

[19] *Id*. at 6.
[20] *Id*. at 6-7 (emphasis added).
[21] *Id*. at 7 (emphasis added).
[22] *Id*. at 8 (emphasis added).
[23] *Id*. at 12-13.

that the plaintiffs were entitled to monetary sanctions and set a further evidentiary hearing to determine the amount.[24] After that evidentiary hearing, on February 19, 2024 the state court entered a final judgment against Mr. Khullar, Khullar, P.A., and Khullar Law, PLLC, confirming the $4,333.33 compensatory award and awarding an additional $409,880.00 in attorneys' fees and $16,854.56 in costs as sanctions.[25] Interest continues to accrue on the sanctions award.[26]

Two months later, Mr. Khullar filed for bankruptcy.[27] The plaintiffs filed a $462,694.87 proof of claim based on the state court's February 19, 2024 final judgment.[28] The plaintiffs then instituted this adversary proceeding and ultimately moved for summary judgment.

## II.    SUMMARY JUDGMENT STANDARD.

Federal Rule of Civil Procedure 56(a)[29] requires the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[30] In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party.[31] The moving party has the burden of establishing that there is an absence of any genuine

---

[24] *Id.* at 13.
[25] *See Am. Compl.*, Ex. B (Feb. 19, 2024 Judgment).
[26] *See id.*
[27] *See* Case No. 24-13663-SMG.
[28] *Id.*, Proof of Claim No. 7-1.
[29] Made applicable here by Federal Rule of Bankruptcy Procedure 7056.
[30] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).
[31] *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

issue of material fact.[32] Once the moving party meets that burden, the burden shifts to the non-movant, who must present specific facts showing that there exists a genuine dispute of material fact.[33] "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[34] The Court will not weigh the evidence or find facts at the summary judgment stage. Rather, the Court determines only whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party.[35]

## III.   ANALYSIS.

The plaintiffs request summary judgment on each of the three counts of their amended complaint. Each count seeks a determination that Mr. Khullar's debt to the plaintiffs based on the state court final judgment is nondischargeable. Count I asserts nondischargeability under 11 U.S.C. 523(a)(2)(A) for fraud and false pretenses. Count II proceeds under 11 U.S.C. § 523(a)(4) for defalcation while acting in a fiduciary capacity. And Count III is based on willful and malicious injury under 11 U.S.C. § 523(a)(6). As to all three counts, the plaintiffs argue that they are entitled to summary judgment based on the collateral estoppel effect of the state court's detailed factual findings. For the following reasons, the Court concludes that the plaintiffs

---

[32] *Celotex*, 477 U.S. at 323.
[33] *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990).
[34] Fed. R. Civ. P. 56(c)(1).
[35] *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).

have not established the elements of collateral estoppel as to Counts I and II, but they have as to Count III.

### A.    Collateral Estoppel Generally.

Collateral estoppel – or issue preclusion – prohibits a party from relitigating issues of fact or law that were litigated in an earlier court proceeding under certain circumstances.[36] As a matter of federal law, "collateral estoppel principles apply to dischargeability proceedings."[37] Because the earlier order and judgment were issued by a Florida state court, the collateral estoppel law of Florida applies to determine their preclusive effect.[38] Thus, to determine whether the state court order and final judgment collaterally estop Mr. Khullar from contesting dischargeability under §§ 523(a)(2)(A), (a)(4), or (a)(6), the Court must examine the elements of collateral estoppel under Florida law, which are that:

> (1) the identical issue was presented in the prior proceeding;
> (2) the issue was a critical and necessary part of the prior determination;
> (3) there was a full and fair opportunity to litigate the issue;
> (4) the parties to the prior action were identical to the parties of the current proceeding; and
> (5) the issue was actually litigated.[39]

The first two elements – identity of the issues and necessity to the prior judgment – are often the most difficult to establish in the bankruptcy context. This is particularly

---

[36] *In re Fletcher*, 2025 WL 272488, at *1 (Bankr. S.D. Fla. 2025).
[37] *In re Harris*, 3 F.4th 1339, 1344 (11th Cir. 2021) (citing *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir. 1993); *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991)).
[38] *Harris*, 3 F.4th at 1344.
[39] *Thakkar v. Good Gateway, LLC*, 351 So. 3d 192, 195 (Fla. 5th DCA 2022) (cleaned up).

so when the earlier judgment is a default judgment[40] on a multi-count complaint. As the Eleventh Circuit explained:

> [W]hen a complaint alleges several alternative (and inconsistent) factual grounds for a legal claim, and each of those grounds would be independently sufficient to establish the claim, it is impossible to tell which of the grounds a general default judgment was based on. And if one of those alternative factual grounds is insufficient to meet the elements of fraud under the Bankruptcy Code, the issues cannot be deemed identical.[41]

## B.    Count-by-Count Analysis.

### 1.    Count I.

Count I seeks a determination of dischargeability under section 523(a)(2)(A), which provides that a debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, is excepted from discharge.[42] "[G]enerally speaking, 'false pretenses' contemplates 'a series of events, activities or communications which, when considered collectively, create a false and misleading set of circumstances, or a false and misleading understanding of a transaction, by which a creditor is wrongfully induced by a debtor to transfer property or extend credit to the debtor.'"[43] "A 'false representation,' for purposes of § 523(a)(2), is analogous to a common law fraudulent misrepresentation."[44] And "actual fraud consists of any deceit, artifice, trick, or

---

[40] Under appropriate circumstances, a default judgment can meet the "actually litigated" element of the collateral estoppel applicability test. *See In re Pena*, 619 B.R. 779, 782 (Bankr. S.D. Fla. 2020).

[41] *Harris*, 3 F.4th at 1348-49; *see also In re Labidou*, 2009 WL 2913483, at *6 (Bankr. S.D. Fla. 2009) ("[W]ithout designating the cause of action to which the award relates or specifying a basis for the award, it cannot be known whether any particular cause of action was 'essential' to the final judgment.").

[42] 11 U.S.C. § 523(a)(2)(A).

[43] *In re Saks*, 2022 WL 18273866, at *6 (Bankr. M.D. Fla. 2022) (citing *Taylor v. Wood (In re Wood)*, 245 F. App'x 916, 918 (11th Cir. 2007)).

[44] *Id.* (citing *Warren v. Warren (In re Warren)*, 2022 WL 17481431, at *7 (Bankr. M.D. Fla. 2022)).

design involving the direct and active operation of the mind, used to circumvent and cheat another."[45]

The state court made extensive findings of disobedience and "egregious litigation misconduct"[46] by Mr. Khullar and his two law firms, stating that the "Defendants have engaged in a myriad of instances of litigation misconduct including but not limited to violation of court orders, Florida statutes, rules of civil procedure, local rules, administrative orders, and made material misrepresentations to the Court, and extortion of the Plaintiff and Plaintiffs' counsel."[47] As harsh as these findings are, though, this Court is unable to conclude that the issue the state court tried is identical to the issue raised in Count I here. Again, the issue in Count I is whether the sanctions award is a debt for money to the extent obtained by false pretenses, a false representation, or actual fraud. But the issue before the state court was whether the defendants' litigation misconduct rose to a level that warranted striking their pleadings as a sanction. These are different issues, and as such, the plaintiffs have failed to establish that collateral estoppel applies to Count I.

　　2.　　<u>Count II</u>.

Count II seeks a determination of dischargeability under section 523(a)(4) only as to the $3,333.33 damages award in respect of the Pierre matter.[48] Section 523(a)(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary

---

[45] *Id.* (citing *BMO Harris Bank v. Richert (In re Richert)*, 632 B.R. 877, 894 (Bankr. M.D. Fla. 2021)) (cleaned up); *see generally Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 360 (2016) (discussing the meaning of "actual fraud").

[46] Feb. 19, 2024 Judgment at 1.

[47] Feb. 22, 2023 Order at 3-4.

[48] Am. Compl. ¶ 33.

11

capacity, embezzlement, or larceny."[49] The plaintiffs here proceed on the fiduciary capacity element. To determine whether a debtor is acting in a fiduciary capacity under section 523(a)(4), the Eleventh Circuit has adopted a three-part test:[50]

> First, the relationship must have (1) a trustee, who holds (2) an identifiable trust res, for the benefit of (3) an identifiable beneficiary or beneficiaries. Second, the relationship must define sufficient trust-like duties imposed on the trustee with respect to the trust res and beneficiaries to create a "technical" trust, with the strongest indicia of a technical trust being the duty to segregate trust assets and the duty to refrain from using trust assets for a non-trust purpose. Third, the debtor must be acting in a fiduciary capacity before the act of fraud or defalcation creating the debt.

It appears from the record that the plaintiffs did plead at least one claim for breach of fiduciary duty in the state court.[51] But that was just one of several counts pleaded. The state court's damages award, however, was "[b]ased on counts 1-6, 19-21." Thus, "it is impossible to tell which of the grounds [the] . . . default judgment was based on."[52] Accordingly, the plaintiffs have not established that the issue of defalcation in a fiduciary capacity was actually presented in the state court litigation or was critical and necessary to the state court's determination. The Court therefore cannot determine on summary judgment that the $3,333.33 damages award in respect of the Pierre matter is a nondischargeable debt "for fraud or defalcation while acting in a fiduciary capacity" under section 523(a)(4).

---

[49] 11 U.S.C. § 523(a)(4).
[50] *In re Forrest*, 47 F.4th 1229, 1234 (11th Cir. 2022).
[51] Feb. 22, 2023 Order at 2.
[52] *Harris*, 3 F.4th at 1348.

3.     Count III.

With respect to Count III, though, the Court can determine on summary judgment that – based on the collateral estoppel effect of the state court's February 22, 2023 order and February 19, 2024 final judgment – the entire debt arising thereunder is excepted from discharge under 11 U.S.C. § 523(a)(6). Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."[53] "An injury alleged as the basis for a non-dischargeable claim under section 523(a)(6) must be both willful and malicious."[54] "In order to prove willfulness under section 523(a)(6), a plaintiff must prove that the debtor acted intentionally; proof that the injury resulted from reckless or negligent conduct is not sufficient."[55] "A debtor acts willfully when the debtor either intended the injury that resulted or the debtor acted intentionally and the act in question was certain or substantially certain to result in the injury."[56] Malicious means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will" and "[n]o proof of specific intent to harm another is necessary to establish malice."[57]

The record here establishes that Mr. Khullar's debt to the plaintiffs was for a willful and malicious injury. The parties here – plaintiffs Cindy A. Goldstein and Cindy A. Goldstein, P.A., and defendant Divya Khullar were also parties to the state

---

[53] 11 U.S.C. § 523(a)(6).
[54] *In re Keitel*, 2018 WL 9597494, at *4 (Bankr. S.D. Fla. 2018) (citing *Stewart Tilghman Fox & Bianchi, P.A. v. Kane (In re Kane)*, 470 B.R. 902, 939 (Bankr. S.D. Fla. 2012)).
[55] *Id.* (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)).
[56] *Id.* (citing *Thomas v. Loveless (In re Thomas)*, 288 F. App'x 547, 549 (11th Cir. 2008)).
[57] *Matter of Belcher*, 664 B.R. 879, 889 (Bankr. N.D. Ga. 2024) (cleaned up).

court litigation,[58] there was a full and fair opportunity to litigate, and the issues were actually litigated.[59] Whether the state court order and judgment collaterally estop Mr. Khullar from contesting dischargeability for willful and malicious injury turns then on whether the identical issue was presented in the state court litigation, and whether the issue was a critical and necessary part of the state court's determination.[60] It was. The very first *Kozel* factor – "whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience"[61] – is the identical issue presented in Count III here and was a critical and necessary part of the state court's determination. Insofar as willfulness under section 523(a)(6) requires a plaintiff to prove that the debtor acted intentionally, and not merely recklessly or negligently,[62] that is exactly what the state court had to find under the first *Kozel* factor, and the state court made that precise finding.[63]

Indeed, numerous findings by the state court establish that Mr. Khullar's conduct was willful (that Mr. Khullar "either intended the injury that resulted or . . . acted intentionally and the act in question was certain or substantially certain to

---

[58] That Khullar, P.A., and Khullar Law, PLLC were also defendants in the state court litigation but are not parties here does not matter. Mr. Khullar represented himself and his law firms Khullar, P.A., and Khullar Law, PLLC, in the state court litigation. And the state court's findings on which this Court bases its decision are clearly based on Mr. Khullar's personal conduct in that litigation.
[59] *See Thakkar*, 351 So. 3d at 195.
[60] *See id.*
[61] 629 So. 2d at 818.
[62] *See Keitel*, 2018 WL 9597494, at *4 (citing *Kawaauhau*, 523 U.S. at 61).
[63] Feb. 22, 2023 Order at 5.

result in the injury"[64]) and malicious ("wrongful and without just cause or excessive"[65]):

- "the Defendants have engaged in a myriad of instances of litigation misconduct including but not limited to violation of court orders, Florida statutes, rules of civil procedure, local rules, administrative orders, and made material misrepresentations to the Court, and extortion of the Plaintiff and Plaintiffs' counsel."[66]

- "The totality of the circumstances of Defendants' misconduct is so egregious, that Plaintiffs should be awarded monetary sanctions in addition to judgment on the pleadings as a matter of law."[67]

- "This Court finds that Mr. Khullar's disobedience and misconduct outlined in Plaintiffs' motion was willful, deliberate, or contumacious, rather than an act of neglect or inexperience."[68]

- "Judge Hurley made very specific findings of a "cat and mouse" game that Mr. Khullar intentionally played for approximately [seven] months."[69]

- "Mr. Khullar's repeated violations of Local Rules and administrative orders, despite verbal and written warnings by this Court, as well as the numerous material misrepresentations made by Mr. Khullar, are construed as willful."[70]

- "Mr. Khullar's extortion of the Plaintiffs and Plaintiffs' counsel as outlined in Plaintiff's Motion, is an intentional act designed to intimidate and coerce to obtain an advantage and is the epitome of 'bad faith litigation.' . . . Attempting to extort opposing counsel to gain a financial advantage in a civil dispute is so egregious, that it is grounds alone for judgment on the pleadings."[71]

- "Mr. Khullar, a Member of the Florida Bar, with full knowledge of the duty of candor toward the tribunal, and consequences of violating Court Orders, local rules, and discovery requirements,

---

[64] *Keitel*, 2018 WL 9597494, at *4 (citing *Thomas*, 288 F. App'x at 549).
[65] *Belcher*, 664 B.R. at 889.
[66] Feb. 22, 2023 Order at 3-4.
[67] *Id.*
[68] *Id.* at 5.
[69] *Id.*
[70] *Id.* at 7.
[71] *Id.*

was personally involved in the act of disobedience to warrant the harshest of sanctions."[72]

A number of courts have concluded – based on similar facts (including where the debtor was an attorney) – that a state court sanction for litigation misconduct is a debt for willful and malicious injury that is excepted from discharge under section 523(a)(6).[73] This Court reaches the same conclusion based on the extensive state court findings here, which overwhelmingly establish Mr. Khullar's willfulness and maliciousness. As such, collateral estoppel precludes him from contesting the dischargeability of the entire debt set forth in plaintiffs' proof of claim no. 7-1. The Court will therefore grant the plaintiffs' motion for summary judgment as to Count III.

## IV.    CONCLUSION.

Upon consideration of the materials in the record, the Court cannot conclude that the issues raised in Count I are identical to – and were a critical and necessary part of – the issues presented in the state court litigation. As for Count II, the Court cannot conclude that the state court default judgment – which was entered as a litigation sanction and not on the merits of any particular cause of action – presented an identical issue that was a critical and necessary part of the state court's ruling.

---

[72] *Id.* at 8.

[73] *See In re Harrington*, 665 B.R. 436, 446 (Bankr. E.D. Cal. 2024) (concluding that "a state court sanctions award for litigation conduct that is frivolous and in bad faith satisfies the § 523(a)(6) requirement of conduct that is willful and malicious and without excuse," and is subject to issue preclusion) (citing *Papadakis v. Zelis (In re Zelis)*, 66 F.3d 205, 208-09 (9th Cir. 1995)); *In re Short*, 2021 WL 852058, at *1 (Bankr. D. Utah 2021) (determining on summary judgment that state court orders sanctioning the debtor – an attorney – for "bad faith, frivolous, vexatious, harassing, and abusive litigation conduct" established that the sanctions constitute a debt arising from a willful and malicious injury); *In re Chaires*, 249 B.R. 101, 108 (Bankr. D. Md. 2000) (determining on summary judgment that state court award of costs and fees against the debtor – an attorney – was non-dischargeable as a debt incurred for willful and malicious injury under 11 U.S.C. § 523(a)(6)).

But as to Count III, based on the collateral estoppel effect of the state court's February 22, 2023 order and February 19, 2024 final judgment, there is no genuine dispute as to any material fact that Mr. Khullar's debt to the plaintiffs is a debt for willful and malicious injury by Mr. Khullar to the plaintiffs that is excepted from discharge under 11 U.S.C. § 523(a)(6). And because Count III seeks a determination of the dischargeability of the entire debt to the plaintiffs, the Court will enter final judgment in favor of the plaintiffs.

It is therefore **ORDERED** that:

1.    The plaintiffs' motion for summary judgment[74] is **GRANTED IN PART and DENIED IN PART,** as set forth herein.

2.    Summary judgment is **DENIED as to Counts I and II**.

3.    Summary judgment is **GRANTED as to Count III**.

4.    The Court will enter a separate final judgment consistent with this Order.

# # #

Copies furnished to:

All counsel of record via CM/ECF

Divya Khullar
2136 NE 27th Court
Lighthouse Point, FL 33064

---

[74] ECF No. 57.